## WALT COOK v. STATE.

No. A-2532.    Opinion Filed May 20, 1916.

(156 Pac. 233.)

1. **APPEAL—Verdict—Evidence.** Where there is competent evidence, reasonably tending to support every material allegation in an information, the determination of the jury will not be interfered with by this court.

2. **INTOXICATING LIQUORS—Sufficiency of Evidence.** In a prosecution for the unlawful possession of intoxicating liquors, evidence examined and found sufficient to sustain a conviction.

*Appeal from County Court, Garfield County;*
*E. L. Swigert, Judge.*

Walt Cook, convicted of a violation of the prohibitory law, appeals. Affirmed.

*H. J. Sturgis* and *W. O. Cromwell,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error Walt Cook, was tried and convicted in the County Court of Garfield county on an information charging that he did have in his possession seven quarts of whisky and about one-third of a barrel of beer with the intention of selling the same. On the 29th day of April, 1915, the court rendered judgment and he was sentenced to be confined in the county jail for one hundred and twenty days and to pay a fine of three hundred dollars and the costs amounting to thirty-one dollars and fifteen cents.

From the judgment he has appealed.

The errors assigned are in effect that the verdict is contrary to the law and the evidence; that the court erred in its instructions to the jury.

The evidence on the part of the state is in substance as follows:  W. R. Arnold, chief of police of the city of Enid testified that on the day alleged in the information he served a search warrant on the defendant's place of business, 209 South Grand avenue, Enid, and found twelve pints of whisky and about a third of a barrel of beer in the basement below the store room, which he seized and turned over to the sheriff.  That he also found three barrels of empty beer bottles.

Ed Davis, deputy sheriff testified that he was with the witness Arnold when they found the whisky and beer.

There was no testimony offered on the part of the defendant.

By numerous decisions it is held that this court will only set aside a verdict because it is contrary to the evidence in the case where the jury has plainly decided against the evidence, or where the verdict is without evidence.

After a careful examination of the record our conclusion in this case is that the verdict was in accordance with the evidence. Finding no prejudicial error in the record, the judgment is affirmed.